UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SCOTT D. SWAIN

                                  PRISONER
    v.                         CASE NO. 3:04CV1020(SRU)

JOHN DOE, ET AL.

RULING AND ORDER

The plaintiff, currently an inmate at the Corrigan Correctional Institution in Uncasville, Connecticut, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  For the reasons set forth below, the amended complaint is dismissed in part.

I.    Facts

The plaintiff asserts claims against two John Doe police detectives from New Hampshire, one John Doe New Hampshire official responsible for entering data concerning New Hampshire's Sexual Offender Registry, one John Doe Massachusetts official responsible for entering data concerning Massachusetts' Sexual Offender Registry, one John Doe Massachusetts state court official, Massachusetts Superior Court Judge Zobel, Massachusetts Assistant District Attorney Pelegro, Dr. Robert Weiner, Dr. Milton Gipstein, Dr. Robert More, Dr. Aaron M. Leavitt, Superintendent of Gardner Correctional Facility James Bender, Superintendent of Old Colony Correctional Facility Joseph Ponte, Massachusetts School Bus Driver Gail Lemeaux, Janet Murphy, Massachusetts Department of Correction Official Leah C. Jeros and New Hampshire Sexual Offender Registry Official Denise Perry, relating to plaintiff's arrest and criminal conviction in Massachusetts in 1984 on sexual assault charges and his release from the sentence imposed for that conviction in 1996.

The plaintiff also raises claims relating to his arrest in August 2002 by defendants Karanda, O'Connor and O'Brien on the charge of failing to register with the Connecticut Sexual Offender Registry. The State of Connecticut subsequently charged the plaintiff with kidnaping with a firearm and aggravated sexual assault. The plaintiff alleges that defendant O'Brien was instrumental in the decision to arrest him on sexual assault charges. The plaintiff claims that defendant O'Brien was angry about an incident involving the plaintiff and his aunt, who was convicted of sexually assaulting the plaintiff in the early 1970's in Massachusetts. Defendant Superior Court Judge Foley presided over plaintiff's criminal trial in Connecticut on the sexual assault charges and allegedly set an excessive amount of bail for plaintiff's release. Judge Foley appointed defendant Ramone Canning as plaintiff's Assistant Public Defender. Defendant Foley later appointed Special Public Defender Bruce McIntyre as plaintiff's attorney.

In February 2003, the plaintiff was incarcerated at Walker Reception and Special Management Unit ("Walker") in Suffield, Connecticut. The plaintiff claims that defendant S. Patterson, a mental health worker at Walker, disclosed confidential information concerning his mental health records to other correctional officials and added false information to his medical records. The plaintiff alleges that, in May 2003, he was infected with Hepatitis B virus when a nurse used a dirty needle to draw his blood at Walker. The plaintiff claims that defendant Theresa Lantz, State of Connecticut Commissioner of Correction is responsible for his medical treatment and care at Walker. The plaintiff claims he has not been treated properly for his medical condition and certain tests were not performed by medical personnel in a timely manner. The plaintiff alleges that from August 2002 through August 2004, medical personnel failed to provide him with a walking cane and as a result he has suffered pain in his hips, knees, back and neck. He seeks

declaratory and injunctive relief and monetary damages from the defendants in their individual and official capacities.

II.      Standard of Review

The plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) - (iii). Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

"When an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915(e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Benitez v. Wolf, 907 F.2d 1293, 1295 (2d Cir. 1990)).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989)). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Livingston, 141 F.3d at 437. The court exercises caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See

Neitzke v. Williams, 490 U.S. 319, 329 (1989).

A district court must also dismiss a complaint if it fails to state a claim upon which relief may be granted.  See  28 U.S.C. § 1915(e)(2)(B)(ii) ("court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim upon which relief may be granted"); Cruz, 202 F.3d at 596 ("Prison Litigation Reform Act . . . which redesignated § 1915(d) as § 1915(e) [] provided that dismissal for failure to state a claim is mandatory").  In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from those allegations in the light most favorable to the plaintiff.  Cruz, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)).  Dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted.  Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

A district court is also required to dismiss a complaint if the plaintiff seeks monetary damages from a defendant who is immune from suit.  See 28 U.S.C. § 1915(e)(2)(B)(iii); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (affirming dismissal pursuant to § 1915(e)(2)(B)(iii) of official capacity claims in § 1983 action because "the Eleventh Amendment immunizes state officials sued for damages in their official capacity").

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff

must satisfy a two-part test.  First, the plaintiff must allege facts demonstrating that the defendant

acted under color of state law.  Second, the plaintiff must allege facts demonstrating that he has

been deprived of a constitutionally or federally protected right by defendant's actions.  Lugar v.

Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir.

1986).

III.    Discussion

      The plaintiff claims to have filed this action pursuant to the court's diversity jurisdiction.

The Supreme Court has held, however, that "[i]n a case with multiple plaintiffs and multiple

defendants, the presence in the action of a single plaintiff from the same State as a single defendant

deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil

Corp., v. Allapattah Services, Inc., ___ U.S. ___, 125 S. Ct. 2611, 2617 (2005) (citing Strawbridge

v. Curtiss, 3 Cranch 267 (1806); Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 375

(1978).   Here, the plaintiff asserts that he is a citizen of Massachusetts and defendants John Does

## 4, 5, Zobel, Pelegro, Weiner, Gipstein, More, Leavitt, Bender, Ponte, LeMeaux, Murphy and

Jeros are citizens of Massachusetts.   Thus, complete diversity does not exist between the plaintiff

and the defendants and any claims brought pursuant to the court's diversity jurisdiction are

dismissed.  The plaintiff also brings this action pursuant to 28 U.S.C. § 1331, asserting violations of

federal statutes 42 U.S.C. §§ 1983, 1985 and 1986.

    A.    Claims Against Defendants John Does ## 1-5, Zobel, Pelegro, Weiner, Gipstein,
         Moore, Leavitt, Bender, Ponte, LeMeaux, Murphy, Jeros and Perry

      The plaintiff's claims against defendants John Does ## 1-5, Zobel, Pelegro, Weiner,

Gipstein, Moore, Leavitt, Bender, Ponte, LeMeaux, Murphy, Jeros and Perry relate to his 1984-85

conviction and sentencing in Massachusetts, and the subsequent order of commitment pursuant to

that sentence in 1986 and 1988.  In Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 has been uniformly found to be the appropriate one for federal civil rights actions.  See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (applying Connecticut's three-year statute of limitations to actions brought pursuant to 42 U.S.C. § 1983); In re State Police Litigation, 888 F. Supp. 1235, 1248-49 (D. Conn. 1995) (same). In addition, the Second Circuit has held that the three-year statute of limitations applies to actions filed pursuant to 42 U.S.C. § 1985.  See Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994) (statute of limitations for actions brought pursuant to sections 1983 and 1985 is three years). Section 1986 expressly provides that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."

Here, the plaintiff filed this action on June 22, 2004.  The allegations in the amended complaint concerning his arrest, conviction and sentencing on state charges in Massachusetts during a period from 1984 to 1996 occurred more than three years before the filing of the instant complaint. In addition, the plaintiff has alleged no applicable tolling provisions.  Thus, the section 1983, 1985 and 1986 claims are dismissed as barred by the statute of limitations.  See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(i).

B.     Section 1985 and 1986 Claims Against Remaining Defendants

The plaintiff asserts section 1985 and 1986 claims against the remaining defendants. Section 1985 prohibits conspiracies to interfere with civil rights.  The plaintiff's allegations fail to state a claim under section 1985(1), (2) or (3).  Subsection (1) prohibits conspiracies to prevent federal officials from performing their duties.  Subsection (2) of section 1985 generally prohibits conspiracies aimed at deterring witnesses from participating in either federal or state judicial

proceedings.  See Chahal v. Paine Webber Inc., 725 F.2d 20, 23 (2d Cir. 1984).  The plaintiff has

alleged no facts to support a claim under either of these two subsections.

Generally, section 1985(3) prohibits conspiracies to deprive persons of equal protection of

the laws.  In order to state a claim pursuant to this provision, a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or
> indirectly, any person or class of persons of equal protection of the
> laws, or of equal privileges and immunities under the laws; (3) an act
> in furtherance of the conspiracy; (4) whereby a person is either injured
> in his person or property or deprived of any right or privilege of a
> citizen of the United States.

Julian v. New York City Transit Auth., 857 F. Supp. 242, 252 (E.D.N.Y. 1994), aff'd, 52 F.3d 312

(2d Cir. 1995).  Furthermore, racial or class-based discriminatory intent must motivate the

conspirators.  See Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971).

The plaintiff alleges no facts in the amended complaint, however, suggesting racial or class-

based motivation for the decision to arrest the plaintiff in August 2002, subsequently prosecute him

on assault charges or subject him to allegedly unconstitutional conditions of confinement beginning

in February 2003.  See Smith v. Walsh, 519 F. Supp. 853, 856 (D. Conn. 1981).  Because the

plaintiff fails to allege a factual basis for a conspiracy claim, rather than merely conclusory

allegations that a conspiracy existed, the plaintiff's section 1985 claims are dismissed.  See 28

U.S.C. § 1915(e)(2)(B)(ii).

Under 42 U.S.C. § 1986, liability is imposed on an individual who has knowledge of acts

prohibited by 42 U.S.C. § 1985, but fails to prevent them.  Without a violation of section 1985,

however, there can be no violation of section 1986.  See Mian v. Donaldson, Lufkin & Jenrette

Securities Corp., 7 F.3d 1085, 1088 (2d Cir. 1993).  As stated above, the plaintiff has failed to allege

a factual basis for a section 1985 claim.  Because a claim under section 1986 is contingent on a valid

7

claim under section 1985, the plaintiff's claims under section 1986 are dismissed against all the remaining defendants.  See  28 U.S.C. § 1915(e)(2)(B)(ii).

      C.      Section 1983 Claims Against Defendants Foley, Canning and McIntyre

      The plaintiff claims that defendants O'Connor, Karanda and O'Brien are Connecticut State Police Officers responsible for his arrest on charges of failing to register as a sexual offender in Connecticut and on subsequent sexual assault charges.  Defendant Foley is a Superior Court Judge who presided over the plaintiff's Connecticut criminal trial on sexual assault charges.  He claims that Judge Foley set an excessive bail amount and appointed defendants Canning and McIntyre to represent him in the case.

      "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11 (1991).  Absolute judicial immunity applies "'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'"  Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)).  Judicial immunity is overcome in only two situations.  "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  Mireles, 502 U.S. at 11 (citations omitted).

      The plaintiff fails to allege any facts to suggest that Judge Foley acted outside of his judicial capacity or his jurisdiction when presiding over plaintiff's criminal matters.  Accordingly, Judge Foley is protected from suit for damages by absolute judicial immunity.   The claims against Judge Foley are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

      The plaintiff alleges that defendant Foley appointed defendant Canning as his assistant

public defender in the Connecticut criminal case in which he was charged with several sexual assaults.  The plaintiff states that defendant Foley appointed Attorney Hauslib[1] to represent him when a conflict of interest arose between the plaintiff and defendant Canning withdrew as counsel. The  plaintiff claims that defendant Foley also appointed defendant McIntyre as his assistant public defender at some later point.  The plaintiff alleges that these attorneys failed to provide him with effective representation and did not conduct a meaningful investigation of the claims and evidence gathered by the State of Connecticut in connection with the assaults.

A defendant acts under color of state law when he exercises "some right or privilege created by the State . . . or by a person for whom the State is responsible," and is "a person who may fairly be said to be a state actor."  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  Generally, a public employee acts under color of state law when he acts in his official capacity or exercises his responsibilities pursuant to state law.  See West v. Atkins, 487 U.S. 42, 50 (1988).

The Supreme Court has recognized an exception to the general rule for public defenders while they are performing the traditional function of counsel for criminal defendants.  See Polk County v. Dodson, 454 U.S. 312, 317 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997); Housand v. Heiman, 594 F.2d 923, 924-25 (2d Cir. 1979).  "[W]hen representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for the purposes of section 1983 because he 'is not acting on behalf of the State; he is the State's adversary.'"  West, 487 U.S. at 50 (quoting Polk County, 454 U.S. at 323 n.13).  The plaintiff's

---

[1]     The plaintiff refers to Attorney Mark Hauslib in the body of the second amended complaint, but fails to include him in the caption.  Pursuant to Rule 10(a), all parties must be included in the caption of a complaint or amended complaint.  Thus, Attorney Hauslib is not a defendant in this action and the court does not address any claims against him.

claims against Attorneys Canning and McIntyre relate to their representation of the plaintiff during his state criminal cases.  Because defendants Canning and McIntyre were not acting under color of state law when they represented the plaintiff in his state criminal matters, any claims against them under section 1983 lack an arguable legal basis.  The plaintiff's section 1983 claims against defendants Canning and McIntyre are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

      D.     <u>State Law Claims</u>

The plaintiff also asserts a claim under state law.  Supplemental or pendent jurisdiction is a matter of discretion, not of right.  Thus, the court need not exercise supplemental jurisdiction in every case.  <u>See</u> <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 715-26 (1966).  The federal court should exercise supplemental jurisdiction and hear a state claim when doing so would promote judicial economy, convenience and fairness to the litigants.  The court should decline to exercise supplemental jurisdiction, however, when state law issues would predominate the litigation or the federal court would be required to interpret state law in the absence of state precedent.  In addition, the court may decline to exercise supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Spear v. Town of West Hartford</u>, 771 F. Supp. 521, 530 (D. Conn. 1991).  Because the court has dismissed the plaintiff's federal claims against defendants John Does ## 1-5, Zobel, Pelegro, Weiner, Gipstein, Moore, Leavitt, Bender, Ponte, LeMeaux, Murphy, Jeros, Perry, Foley, Canning and McIntyre, the court declines to exercise supplemental jurisdiction over any state law claims against those defendants.

IV.    CONCLUSION

The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii) against defendants John Does ## 1-5, Zobel, Pelegro, Weiner, Gipstein, Moore, Leavitt, Bender, Ponte,

LeMeaux, Murphy, Jeros, Perry, Foley, Canning and McIntyre. The court declines to exercise supplemental jurisdiction over any state law claims against those defendants.  It is certified that any appeal in forma pauperis from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a).

The case will proceed against defendants Karanda, O'Connor, O'Brien, Lantz and Patterson. To enable the United States Marshal to serve the amended complaint on these five defendants, the plaintiff is directed to complete the enclosed 285 U.S. Marshal service forms.  The plaintiff is directed to complete ONE 285 form for each of the defendants in his or her individual capacity at an address where the defendant may be found.  The plaintiff is also directed to complete ONE 285 form to be served on these five defendants c/o Attorney General to be used to serve them in their official capacities.  The address for the Attorney General is 55 Elm Street, Hartford, CT 06105.  The plaintiff shall also complete one summons form for these five defendants in their official capacities c/o Attorney General.

In addition to the Marshal service forms, plaintiff shall complete one set of Notice of Lawsuit and Waiver of Service of Summons forms for each of these five defendants and provide six copies of his amended complaint, including exhibits.  The plaintiff shall complete and return to the court the enclosed forms and copies of the amended complaint within **twenty** days of the date of this order.  Plaintiff is cautioned that failure to return the forms and copies of the amended complaint in a timely manner to the Clerk at 915 Lafayette Boulevard, Bridgeport, CT  06604, may result in the dismissal of this case without prejudice and without further notice from this court.

Upon receipt of the forms and copies, the Clerk is directed to forward the appropriate papers to the U.S. Marshal.  The U.S. Marshal is directed to serve the amended complaint on defendants

Karanda, O'Connor, O'Brien, Lantz and Patterson in their individual and official capacities.  The

U.S. Marshal shall file a return of service within **sixty days** of the date the U.S. Marshal receives

the service papers from the Clerk's Office.

All defendants are directed to file an appearance in their official capacities within **thirty (30)**

**days** from the date of service of summons.  Each defendant shall filed an appearance in his or her

individual capacity within **sixty (60)** days from the date he or she signs a waiver of service of

summons.

**SO ORDERED** this 2nd day of June 2006, at Bridgeport, Connecticut.


                              /s/ Stefan R. Underhill
                              Stefan R. Underhill
                              United States District Judge