UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SCOTT SWAIN            :
                            :       PRISONER
v.                         :       Case No. 3:04CV1020(SRU)(WIG)
                            :
JOHN DOE, et al.       :

RULING ON PENDING MOTIONS

The plaintiff, Scott Swain, has filed several motions, seeking to amend his complaint, to obtain an order granting injunctive relief, and to defer a ruling on the defendants' motion for summary judgment. Swain has also filed an objection to a ruling issued by Magistrate Judge William I. Garfinkel. For the reasons set forth below, the motions are denied and the objection is overruled.

**I.**     **Objection to Judge Garfinkel's Ruling [Doc. No. 61]**

On August 21, 2007, Judge Garfinkel issued a ruling addressing Swain's motions to compel, for extension of time to conduct discovery, for appointment of counsel, for Rule 35, Fed. R. Civ. P. examination and for relief from "Local Rule 72." (See Doc. No. 57.) Swain contends that the ruling is flawed in a number of ways.

With certain listed exceptions, a district judge may refer pretrial motions to a magistrate judge for determination. See 28 U.S.C. § 636(b)(1)(A). The district judge may reconsider those pretrial matters on a motion by a party where the party shows that the magistrate judge's order is "clearly erroneous or contrary to law." Id. With regard to the listed motions, which include motions to dismiss and motions for preliminary injunctive relief, the magistrate judge may issue a recommended ruling, to which the parties may object within ten days. If a party objects, the district judge considers de novo the portion of the recommended ruling to which objection was made. Here,

Swain objects to Judge Garfinkel's ruling on his motions for relief from "Local Rule 72," motion for extension of time to conduct discovery and motion for Rule 35 examination. Those motions are not within the exceptions for which a magistrate judge may issue only a recommended ruling.

Pursuant to the court's procedure for assigning cases filed by prisoners, this case was randomly assigned to me and then, after I dismissed in part Swain's amended complaint, the Clerk automatically entered a referral of the case to Judge Garfinkel for discovery and other non-dispositive motions. Thus, Judge Garfinkel did not require the consent of Swain or defendants prior to ruling on the motions set forth above.

Swain first claims that Judge Garfinkel erred in referring to his Motion for Relief [Doc. No. 42] as having been brought pursuant to Local Rule 72. He asserts that the motion was filed pursuant to Local Rule 7(a). The title of document 42 is "Plaintiff's Motion for Relief from Local Rule (72)." In reviewing the motion, it was not "clearly erroneous" on the part of Judge Garfinkel to read the number as 72 rather than 7(a).[1] 28 U.S.C. § 636(b)(1)(A).

Furthermore, Judge Garfinkel addressed the relief requested by Swain, namely that he sought leave to file a reply to defendants' answer to the amended complaint. Judge Garfinkel properly denied the request in view of the fact that I had already denied Swain's previous request to file a reply to the answer to the complaint.

Swain's second objection is addressed to Judge Garfinkel's denial of the motion for

---

[1] Local Rule 7(a), D. Conn. L. Civ. R. is addressed to motion procedures and the deadlines for filing responses to motions. An answer to an amended complaint is not a motion. Thus, any request to file a reply to an answer would not be governed by Local Rule 7(a), D. Conn. L. Civ. R. Pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, a reply to answer is only required if the court orders it to be filed. In my March 5, 2007 Endorsement, I made it clear to Swain that he was not required to file a reply to the answer. (See Doc. No. 40.)

extension of time to conduct discovery.  Swain contests Judge Garfinkel's characterization of the relief sought in the motion.  The motion can be read as seeking an extension of time to conduct discovery and to file a motion for summary judgment and that the motion did not include information indicating whether the defendants had responded to Swain's March 2007 discovery request.  Accordingly, Judge Garfinkel's ruling on the motion for extension of time was not "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

Swain's last objection relates to Judge Garfinkel's denial of his motion for Rule 35 physical examination.  Swain disagrees with Judge Garfinkel's characterization of the claims in the amended complaint.  A review of the amended complaint reveals that Judge Garfinkel's brief summary of Swain's medical claims was accurate.  Judge Garfinkel's ruling on the motion for Rule 35 physical examination was not "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Swain's objections to Judge Garfinkel's ruling are overruled.

**II.     Motions to Amend [Docs. Nos. 76, 87]**

In a motion for leave to file a supplemental pleading, dated October 31, 2007, Swain seeks leave to file a second amended complaint to add multiple named and unnamed employees of the Department of Correction from Corrigan Correctional Institution, Walker MacDougall Correctional Institution and the University of Connecticut Health Center as well as to add claims concerning bone spurs and other medical problems with his spine.  He asserts that various medical personnel have denied him medical treatment and testing, examinations by specialists and physical therapy and have failed to provide him with the necessary medical equipment to accommodate these new medical conditions.

In a motion for leave to amend dated May 22, 2008, Swain seeks to add Brian K. Murphy

and Warden Peter Murphy of MacDougall Correctional Institution as defendants and to add claims against them regarding the prison directives that dictate when an inmate is considered to be indigent such that he or she may receive certain items for free. Swain asserts that this policy has deprived him of basic human necessities.

Under Rule 15(a) of the Federal Rules of Civil Procedure, Swain must seek leave of court to file an amended complaint because the defendants filed an answer to the complaint prior to Swain's filing of the motion to amend and Swain has already filed one amended complaint. For the reasons set forth below, the requests for leave to amend are denied.

The claims in the second amended complaint against the only two Department of Correction defendants, Seneca Patterson and Commissioner Lantz, occurred from 2002 to June 2005. It is evident from documents attached to the second amended complaint as well as other motions filed in this case that Swain has had access to his medical file and has been aware since June 2003 of the individuals involved in the incident Swain claims resulted in his contracting Hepatitis. Swain has also been aware since at least March 2006 of the individuals involved in the alleged denial of his cane and knee brace and treatment for Hepatitis. Furthermore, permitting Swain to add new claims of denial of medical treatment against medical personnel who are not named in the second amended complaint or to add claims regarding the Department of Correction's indigency policy would unnecessarily delay the litigation of this action as the defendants' have moved for summary judgment in this action. See Forman v. Davis, 371 U.S. 178, 182 (1962) (the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment, in determining whether to grant leave to amend). Thus, justice does not require that Swain be permitted to file an amended complaint to add claims against individuals that are completely

unrelated to the remaining claims in the second amended complaint and to add defendants that were known to Swain at an earlier time prior to the filing of defendants' motion for summary judgment. The motions for leave to amend are denied. Swain remains free to file a separate lawsuit to bring the late-arising claims.

### III.     Motions for Injunctive Relief [Docs. Nos. 70, 88]

Swain seeks injunctive relief relating to various medical conditions and the Department of Correction's policy regarding indigency. Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation marks and citation omitted). "A party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied." Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir. 2007).

Seneca Patterson, a Clinical Social Worker stationed at MacDougall-Walker; Theresa Lantz, the Commissioner of the State of Connecticut Department of Correction; Thomas Karanda, a Detective in the Firearms Unit of the Connecticut State Police; Karen O'Connor, a Trooper with the Connecticut State Police; and Gilbert O'Brien, a Detective in the Eastern District of the Connecticut State Police, are the only defendants remaining in this action. The amended complaint asserts claims against Patterson for an improper diagnosis of Swain's mental health condition and an improper reference to pending criminal charges and past convictions in Swain's medical file and claims. This allegedly improper conduct occurred in February 2003. Swain also asserts claims

5

against Lantz for the failure of prison medical personnel to provide Swain with a cane for two years and a knee brace for his left knee for three years, the negligent use of a dirty needle to draw Swain's blood causing Swain to become infected with Hepatitis B and C, and the failure to timely test and begin treatment for these infections. These allegations cover a time period from August 2002 to June 2005.[2] The only injunctive relief sought by Swain against these defendants pertains to Swain's allegations against defendant Patterson.

Swain now seeks orders directing Department of Correction medical personnel to provide him with operations on his knee, neck and hip and treatment for pain in his spine. He also complains of stomach pain, deterioration of his muscles, damage to his nervous system and a hemangioma on his spine, improper diagnoses for other symptoms by physicians at Corrigan and Walker Correctional Institution and failure of prison officials to obtain pre-incarceration medical records.

The court must have in personam jurisdiction over a person before it can validly enter an injunction against her. See Doctor's Assocs., Inc. v. Reinert & Duree, P.C., 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."). The medical personnel referenced in the motion for injunctive relief are not defendants in this case. Thus, the court lacks jurisdiction to enjoin their actions.

Furthermore, preliminary injunctive relief is designed "to preserve the status quo and prevent

---

[2] The claims against defendants O'Connor, Karanda and O'Brien relate to multiple arrests in Connecticut in 2002 and 2003 for violations of criminal statutes.

irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994) (per curiam). To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. See id.; see also Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

The medical records attached to Swain's Affidavit [Doc. No. 67] in response to defendants' motion for summary judgment reveal that Swain was provided with a cane in August 2004 and a knee brace for his left knee in August 2005 and that treatment for Hepatitis was approved in January 2006. Thus, Swain has already received relief for the conditions he references in his amended complaint. The claims set forth in the motion for injunctive relief are new claims that are not in the amended complaint. Because Swain's allegations and requests for relief relating to medical conditions and conditions of confinement are unrelated to the claims in the complaint, the request for injunctive relief as to those claims is inappropriate. See De Beers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit.") Accordingly, both motions for preliminary injunction are denied.

## IV.    Federal Rule 56(f) Motions [Docs. Nos. 64, 86]

Swain seeks additional time to respond to the defendants' motion for summary judgment because he has not completed discovery. He claims that the defendants did not respond to his

discovery requests until the end of August 2007 and the responses were inadequate. He also asserts that he is waiting for records from various Hospitals in Massachusetts that will document his medical condition at the time of his admission to the Department of Correction in August 2002. He claims that he needs these various documents in order to develop his claims, compile expert and lay witness lists and evidence to be submitted at trial. He also states that he intends to present evidence about various claims that are not in the amended complaint. Thus, he also requests that the court defer ruling on the motion for summary judgment until he receives all of the documents referred to above.

>Rule 56(f) of the Federal Rules of Civil Procedure provides:

>>Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition [to a motion for summary judgment], the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R Civ. P. 56(f). The Second Circuit has held that a party seeking a continuance to respond to a motion for summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit showing "'(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" Meloff v. New York Life Ins. Co., 51 F.3d 372, 375 (2d Cir. 1995) (quoting Hudson River Sloop Clearwater, Inc. v. Department of Navy, 891 F.2d 414, 422 (2d Cir. 1989)).

The only claims remaining in this action are the following: Defendant Patterson committed

malpractice in February 2003, by improperly diagnosing Swain's mental health condition and including references to Swain's prior criminal convictions in Swain's medical file. Defendant Lantz supervised prison medical personnel who failed to provide Swain with a cane for two years and a knee brace for his left knee for three years, negligently used a dirty needle to draw Swain's blood causing Swain to become infected with Hepatitis B and C, and subsequently failed to timely test and begin treatment for those infections. Defendants O'Connor and O'Brien conspired to falsely arrest Swain in August 2002 and July 2003 for sexual assaults on victims B and P in Windham, Connecticut, and defendants Karanda, O'Brien, and O'Connor conspired to falsely arrest Swain in August 2002 for violating the sex offender registration statute.

The defendants have moved for summary judgment on the grounds that Swain's claims of false arrest are barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994), Commissioner Lantz was not involved in Swain's medical diagnoses or treatment, Patterson did not violate Swain's right to privacy in his medical records, the injunctive relief is moot because Swain has received all necessary medical treatment and they are protected by the doctrine of qualified immunity. Although Swain states that he needs the documents he sought in his March 15, 2007 Request for Production of Documents to respond to the motion for summary judgment, he does not attach the request for production of documents to either of his Rule 56(f) motions and does not indicate what specific documents he seeks in order to respond to the arguments raised in defendants' motion for summary judgment.[3] The facts that Swain claims that he will prove through medical

---

[3] The court has denied Swain's motion for sanctions against counsel for the defendants for failing to timely respond to the March 15, 2007 discovery request on various grounds, including the fact that Swain did not attach a copy of the request to his motion and failed to indicate in a memorandum why he needed each item of discovery. (See Doc. No. 90.)

records from Massachusetts hospitals do not appear to be relevant to the arguments raised in the summary judgment motion. In addition, most of the facts Swain asserts that he will or may prove are not related to claims in the amended complaint, but instead are facts that might support new allegations against the existing defendants. Thus, Swain has not shown how any of the documents he seeks are "reasonably expected to create a genuine issue of material fact" concerning the claims presently before the court in the second amended complaint. Meloff, 51 F.3d at 375.

The memorandum filed in support of the first Rule 56(f) motion addresses the arguments in the motion for summary judgment. (See Doc. No. 64 at 7-36.) In addition, Swain has filed an Affidavit and numerous exhibits, including medical records, in opposition to the motion for summary judgment. (See Doc. No. 67.) Those filings belie Swain's claim that he is unable to respond to the motion for summary judgment or needs additional time to do so. Accordingly, Swain's Rule 56(f) motions seeking additional time to conduct discovery and respond to the motion for summary judgment are denied.

## Conclusion

Swain's Objection **[Doc. No. 61]** to Judge Garfinkel's Ruling [Doc. No. 57] is **OVERRULED**. The Motions to Amend **[Docs. Nos. 76, 87]**, Motions for Injunctive Relief **[Docs. Nos. 70, 88]** and Federal Rule 56(f) Motions **[Docs. Nos. 64, 86]** are **DENIED**.

Swain is granted twenty days from the date of this ruling to file a Local Rule 56(a)(2) Statement in opposition to defendants' Local Rule 56(a)(1) Statement in accordance with the Notice issued this date.

**SO ORDERED** this 24th day of September 2008, at Bridgeport, Connecticut.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge